STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, V. PAUL M. CONLEY, RESPONDENT.

686 N.W.2d 902

Filed October 1, 2004.   No. S-04-460.

WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Paul M. Conley, was admitted to the practice of law in the State of Nebraska on June 1, 1968, and at all times relevant hereto was engaged in the private practice of law in Lancaster County, Nebraska. On April 15, 2004, formal charges were filed against respondent. The formal charges set forth one count that included charges that respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); DR 1-102(A)(5) (engaging in conduct prejudicial to administration of justice); DR 1-102(A)(6) (engaging in conduct that adversely reflects on respondent's fitness to practice law); and Canon 7, DR 7-101(A)(3) (prejudicing or damaging client during course of professional relationship). On August 10, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which he knowingly admitted the truth of the allegations that he violated DR 1-102(A)(4), (5), and (6), and DR 7-101(A)(3), and, in effect, waived all proceedings against him in connection therewith in exchange for a public reprimand. Upon due consideration, the

court approves the conditional admission and orders that respondent be publicly reprimanded.

## FACTS

In summary, the formal charges allege that on November 21, 2001, respondent undertook the representation of Steve and Becky Vandenberg in a chapter 13 bankruptcy proceeding. The formal charges further allege that during the course of the bankruptcy proceedings, respondent entered into a stipulation with one of the Vandenbergs' creditors without authorization from the Vandenbergs, and without the Vandenbergs' knowledge regarding the complete terms of the stipulation. The formal charges further allege that during the pendency of the bankruptcy proceeding, respondent received notice from the chapter 13 trustee that the Vandenbergs were in default in making their monthly payments to the trustee, and allege that respondent failed to notify the Vandenbergs or to take any steps to prevent the dismissal of the Vandenbergs' bankruptcy proceedings. The formal charges further allege that the Vandenbergs' chapter 13 bankruptcy proceeding was dismissed on February 12, 2003.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly admits the essential relevant facts outlined in the formal charges and knowingly admits that he violated DR 1-102(A)(4), (5), and (6), and DR 7-101(A)(3). We further find that respondent waives all proceedings against him in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(4), (5), and (6), and DR 7-101(A)(3), and that respondent should be and hereby is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001), within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF PUBLIC REPRIMAND.

HENDRY, C.J., and McCORMACK, J., not participating.